UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVARADO CHAVERRI ET AL | CIVIL ACTION |
| VERSUS | NO: 11-1289<br>REF: ALL CASES |
| DOLE FOOD COMPANY, INC. ET AL | SECTION: "J"(4) |

**ORDER AND REASONS**

Before the Court are Plaintiffs' 12(f) Motion to Strike Shell's Incorporation by Reference "*In Extenso*" of All Relevant Arguments and Authorities Set Forth in Its Previous Motions to Dismiss Plaintiffs' Original, First and Third Amended Complaints into Shell's 12(b)(6) Motion to Partially Dismiss Plaintiffs' Fourth Amended Complaint (the "Motion to Strike") (Rec. Doc. 153), and Shell Oil Company ("Shell")'s opposition to same (Rec. Doc. 158). The motion is set for submission on June 6, 2012 on supporting memoranda and without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be DENIED.

1

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs, citizens of Ecuador, Panama, and Costa Rica, allege injury due to exposure to the chemical pesticide dibromochloropropane ("DBCP"). Plaintiffs allege that Defendants manufactured, distributed, or used DBCP on the farms where Plaintiffs worked in commercial banana cultivation. Plaintiffs seek compensation for damage that they allege resulted from Defendants' actions and for the costs of medical monitoring for DBCP-related health conditions, including sterility or abnormally low sperm counts, cornea damage, cancer, chronic skin disorders, compromised renal systems, and damage to pulmonary and respiratory function.

## THE PARTIES' ARGUMENTS

Plaintiffs move the Court to strike Shell's reference "*in extenso*" of "all relevant arguments" contained in Shell's previous motions to dismiss Plaintiffs' several amended complaints. Plaintiffs argue that the prior complaints have been superseded by Plaintiffs' Fourth Amended Complaint. Plaintiffs aver that Shell's prior motions to dismiss are now immaterial or are redundant of Shell's current motion to dismiss. They assert that many of the allegations in prior complaints challenged in

2

Shell's prior motions are no longer relevant because such allegations have been amended in the Fourth Amended Complaint. Plaintiffs argue that Shell's wholesale incorporation of its prior motions injects confusion and uncertainty as to which of its previous arguments are relevant to the most recently filed motion. Plaintiffs aver that such pleading constitutes an insufficient defense that invokes Rule 12(f)'s vehicle for striking said defense.

Moreover, Plaintiffs argue that they are left vulnerable on appeal to the risk of having failed to address Shell's non-specific previous arguments that Shell has incorporated by reference, because of the risk that Plaintiffs will wrongly guess which of Shell's previous arguments Shell considers relevant to the latest motion to dismiss. Plaintiffs assert that Shell should not be permitted to place Plaintiffs in this speculative position. They aver that Shell does not identify from its prior motions the arguments that are relevant to the most recent motion. In conclusion, Plaintiffs argue that they should only be required to address the arguments clearly set forth in Shell's motion to dismiss Plaintiffs' Fourth Amended Complaint.

Shell argues that Rule 12(f) does not permit a motion to strike any portion of a motion because a motion is not a

pleading.  It argues that a motion to strike is a drastic remedy and that Plaintiffs have asserted no basis in support of obtaining such relief, for several reasons.  First, Shell asserts that Plaintiffs' allegations of redundancy and/or immateriality lack merit because the Fourth Amended Complaint does not state that it supersedes all prior complaints, and therefore Shell validly made an incorporation by reference to prior motions.  Second, Shell states that it previously requested the dismissal of certain enumerated claims and causes of action, which are clearly and specifically identified in its most recently filed motion to dismiss.  It avers that it cited page numbers from prior memoranda in support of the most recently filed motion to dismiss.  Finally, Shell argues that many of the allegations in prior complaints were not substantively amended by the Fourth Amended Complaint.  Because it asserts that the incorporated arguments and authorities are material and relevant, it argues that Plaintiffs' motion to strike should be denied.

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED.

R. Civ. P. 12(f). The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. Tarver v. Foret, No. 95-1192, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996). However, motions to strike under Rule 12(f) are disfavored and "should be used sparingly by the courts" because they are considered a "drastic remedy to be resorted to only when required for the purposes of justice." Pan-Am. Life Ins. Co. v. Gill, No. 89-5371, 1990 WL 58133, at *2 (E.D. La. Apr. 27, 1990) (internal quotations omitted). Additionally, the moving party must generally make a showing of prejudice before a motion to strike is granted. Id.

The Court finds that Plaintiffs' motion to strike should be denied. Rule 12(f) only permits a court to strike matter within pleadings. Pleadings do not include motions, such as Shell's motion to dismiss Plaintiffs' Fourth Amended Complaint. See Jackson v. State Farm Fire & Cas. Co., No. 06-7202, 2010 WL 724108, at *10 (E.D. La. Feb. 22, 2010) ("Plaintiffs' motions are not 'pleadings' and Rule 12(f) is therefore inapplicable."); cf. Marquette Transp. Co. v. Trinity Marine Prods., Inc., Nos. 06-826, 06-827, 06-1281, 06-1282, 2006 WL 2349461, at *1 n.1 (E.D. La. Aug. 11, 2006) ("Because Rule 12(f) contemplates only striking 'pleadings' as defined by the Federal Rules, and because

plaintiffs' statements are not pleadings, defendants' motions to strike are DENIED.") (citation omitted).

Even if Plaintiffs invoked a proper procedural mechanism for attempting to strike Shell's incorporative language, the Court is not persuaded that the relief sought is warranted. Shell does not wholly fail to identify the arguments from its prior motions that are relevant to issues raised in the most recently filed motion to dismiss. Rather, in several portions of its memorandum in support of its motion to dismiss the Fourth Amended Complaint, Shell provides pinpoint citations to page numbers of prior memoranda. See Rec. Doc. 116-1, at 3-4. Moreover, nothing prevented Plaintiffs from purporting to incorporate their prior opposition memoranda, in which they presumably responded to arguments raised in Shell's prior motions to dismiss. To the extent that Shell's arguments raised in those prior motions to dismiss are alleged to be moot, Plaintiffs should so argue or aver.

Finally, it made sense for Shell to make incorporation by reference because Shell raises many of the same arguments in each of its motions to dismiss. Compare Rec. Doc. 116-1 (raising issues with respect to punitive damages, conspiracy, participation and assistance, medical monitoring, and allegations

6

regarding specific plaintiffs), <u>with</u> Rec. Doc. 89-1 (addressing same issues). The only substantially different type of argument made in prior motions to dismiss filed by Shell, but not raised in Shell's most recent motion to dismiss, is an argument concerning group/enterprise/market-share liability. To the extent Plaintiffs argue that certain of Shell's prior arguments have been mooted by subsequent amended complaints, this is a matter for the merits and subject to the Court's decision as to whether subsequent amended complaints have, in fact, addressed the deficiencies alleged by Shell in its prior motions to dismiss.

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Strike (Rec. Doc. 153) is **DENIED**.

New Orleans, Louisiana, this 8th day of June, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE